J-S20039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN E. DIXON | : | |
| | : | |
| Appellant | : | No. 1222 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 8, 2023
In the Court of Common Pleas of Susquehanna County Criminal Division
at No(s): CP-58-CR-0000387-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN DIXON | : | |
| | : | |
| Appellant | : | No. 1223 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 8, 2023
In the Court of Common Pleas of Susquehanna County Criminal Division
at No(s): CP-58-CR-0000171-2022

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: AUGUST 12, 2025**

Appellant, John E. Dixon, appeals *nunc pro tunc* from the aggregate judgment of sentence of three to twelve years' incarceration, imposed after he pled guilty, in two separate cases, to driving under the influence of alcohol (DUI), 75 Pa.C.S. § 3802(b), in case CP-58-CR-0000387-2020 (hereinafter case "387-2020"), as well as homicide by vehicle, 75 Pa.C.S. § 3732(a), and another count of DUI, in case CP-58-CR-0000171-2022 (hereinafter case

"171-2022"). On appeal, Appellant seeks to challenge the validity of his guilty pleas and the sentence imposed by the trial court. Additionally, Appellant's counsel, Joseph G. McGraw, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The facts underlying Appellant's convictions are not pertinent to our instant disposition. Procedurally, Appellant pled guilty to DUI in case 387-2020 on December 1, 2021. While he was awaiting sentencing, he obtained new charges in case 171-2022. On January 4, 2023, Appellant pled guilty to DUI and homicide by vehicle in that case. On February 8, 2023, Appellant was sentenced in both cases to the aggregate term stated above. He did not file any post-sentence motions, nor did he perfect a direct appeal.

On November 30, 2023, Appellant filed, in both cases, a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, alleging, *inter alia*, that his trial counsel was ineffective for not filing a direct appeal on his behalf. Attorney McGraw was appointed to represent Appellant and filed an amended petition. On July 24, 2024, the PCRA court issued an order reinstating Appellant's post-sentence motion and direct appeal rights *nunc pro tunc*, and dismissing his remaining PCRA claims without prejudice to his right to raise them in a new petition after his judgment of sentence becomes final.

On August 21, 2024, Attorney McGraw improperly filed a single notice of appeal on Appellant's behalf, listing the docket numbers of both of Appellant's two underlying cases. *See* Pa.R.A.P. 341, Note ("Where … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed."). This Court subsequently ordered Appellant to file amended notices of appeal listing only one docket number, and counsel complied. We thereafter consolidated Appellant's appeals *sua sponte*.

On August 23, 2024, the trial court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Attorney McGraw did not comply with this order, and filed no Rule 1925(b) statement on Appellant's behalf. On September 20, 2024, the trial court issued a Rule 1925(a) opinion concluding that Appellant had waived any issue(s) for our review by not complying with the court's Rule 1925(b) order. *See* Trial Court Opinion (TCO), 9/20/24, at 3. However, the court went on to provide a detailed discussion of the issues it foresaw Appellant raising on appeal, namely, challenges to the validity of his guilty plea and the sentences imposed by the court. *See id.* at 3-9.[1]

_____

[1] Given that (1) Attorney McGraw is seeking to withdraw, (2) the trial court thoroughly addressed in its opinion the issues that Appellant desires to raise on appeal, and (3) the record before us is complete, including transcripts of the plea and sentencing hearings, we decline — in the interests of judicial economy — to remand for the filing of a Rule 1925(b) statement or Rule 1925(c)(3) statement of intent to withdraw. *See* Pa.R.A.P. 1925(c)(3) ("If an
*(Footnote Continued Next Page)*

- 3 -

On July 25, 2025, Attorney McGraw filed with this Court a petition to withdraw from representing Appellant, as well as an **_Anders_** brief.[2]  In the **_Anders_** brief, counsel discusses the two issues that Appellant could arguably raise on appeal, _i.e._, challenges to the validity of his guilty plea and the sentence imposed by the trial court.  **_See Anders_** Brief at 17-21, 21-27.

---

appellant represented by counsel in a criminal case was ordered to file and serve a Statement and either failed to do so, or untimely filed or served a Statement, such that the appellate court is convinced that counsel has been _per se_ ineffective, and the trial court did **not** file an opinion, the appellate court **may** remand for appointment of new counsel, the filing or service of a Statement _nunc pro tunc_, and the preparation and filing of an opinion by the judge.") (emphasis added); **_Commonwealth v. Stroud_**, 297 A.3d 1152, 1158 (Pa. Super. 2023) (finding that a remand of Stroud's case was necessary, **not** because of his counsel's failure to file a Rule 1925(b) statement or statement of intent to withdraw, but because the lack of a complete record prohibited this Court from conducting an independent review under **_Anders_**); **_Commonwealth v. Burton_**, 973 A.2d 428, 433 (Pa. Super. 2009) (concluding that where an untimely Rule 1925(b) statement has been filed, "this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal").

[2] Attorney McGraw initially filed, on January 8, 2025, an **_Anders_** brief that did not comply with the requirements for withdrawal.  Counsel also failed to file a separate petition to withdraw with this Court.  **_See Commonwealth v. Wrecks_**, 931 A.2d 717, 720 (Pa. Super. 2007) (stating that "[d]irect appeal counsel seeking to withdraw under **_Anders_** must **_file a petition_** averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous") (emphasis added) (citing **_Anders_**, 386 U.S. at 744).  Accordingly, on June 26, 2025, this Court issued a memorandum decision with instructions to Attorney McGraw to file, within thirty days, either an advocate's brief or a petition to withdraw, **_Anders_** brief, and letter to Appellant that satisfied the requirements for withdrawal, discussed _infra_.  Attorney McGraw complied with this directive by filing his July 25, 2025 petition to withdraw and new **_Anders_** brief.

Attorney McGraw concludes that these issues are frivolous, and that Appellant has no other, non-frivolous claims he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:
>
>> (1) provide a summary of the procedural history and facts, with citations to the record;
>>
>> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>>
>> (3) set forth counsel's conclusion that the appeal is frivolous; and
>>
>> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007)….

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that

counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney McGraw's ***Anders*** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney McGraw also attached a letter directed to Appellant to his petition to withdraw, in which he informed Appellant of the rights enumerated in ***Nischan***, and stated that he provided a copy of his ***Anders*** brief to Appellant. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous claims he could pursue on appeal.

In this regard, we have examined the certified record, the briefs of the parties, and the applicable law. Additionally, we have considered the well-reasoned opinion of the Honorable Jason J. Legg, President Judge of the Court of Common Pleas of Susquehanna County, filed on September 20, 2024. ***See*** TCO. We conclude that Judge Legg's opinion accurately disposes of the issues Appellant seeks to raise herein, and demonstrates why those issues are frivolous. ***See id.*** at 4-9. Accordingly, we adopt Judge Legg's opinion as our own. Additionally, our review of the record reveals no other, non-frivolous

- 6 -

claims that Appellant could assert on appeal.[3]   Therefore, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/12/2025

---

[3] In this regard, we note that we agree with Attorney McGraw that, to the extent Appellant has indicated his desire to challenge the effectiveness of his plea counsel, that claim would be frivolous to raise on direct appeal.  **See Anders** Brief at 20-21.  In **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013), our Supreme Court reaffirmed its prior holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the PCRA.  The specific circumstances under which ineffectiveness claims may be addressed on direct appeal are not present in the instant case.  **See Holmes**, 79 A.3d at 577-78 (holding that the trial court may address claim(s) of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review").  Thus, it would be frivolous for Appellant to challenge his plea counsel's representation herein.